# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1338V
(not to be published)

| | |
|---|---|
| DIANNE RICE-HANSEN,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 17, 2023<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Kyle Edward Pozza*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 7, 2020, Dianne Rice-Hansen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration resulting as a result of an influenza vaccine received on September 7, 2018. Petition at 1. On December 9, 2022, I issued a decision awarding compensation to Petitioner, following briefing by the parties. ECF No. 55.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $40,109.47 (representing $39,367.50 for attorney's fees and $741.97 for attorney's

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

costs). Petitioner's Application for Attorneys' Fees and Costs ("Motion"), filed May 3, 2023, ECF No. 60. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 61.

Respondent reacted to the motion on May 12, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 62. Petitioner did not file a reply thereafter.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested 2023 attorney hourly rates as follows: $500 for work performed by Ronald Homer - representing a rate increase of $25 and $305 for work performed by Patrick Kelly - representing an increase of $55. Motion at 28-29, 44-45. And Petitioner requests an hourly rate of $185 for paralegal work performed in 2023. *Id.* at 28-29, 45. Although the yearly increase requested for Mr. Kelly's rate is larger than I would normally approve, the significant difference is due to Mr. Kelly's lower 2022 rate. It does not reflect any excess related to the requested 2023 rate. I find these hourly rates to be reasonable, and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

I note this case required additional briefing regarding the issue of entitlement and damages and participation in an expedited Motions Day. *See* Status Report, filed May 17, 2022, ECF No. 49 (reporting an impasse in damages discussions); Petitioner's Damages Brief, filed June 16, 2022, ECF No. 50; Petitioner's Responsive Damages Brief, filed Sept. 28, 2022, ECF No. 54. Petitioner's counsel expended approximately 12.9 hours drafting her damages brief and 6.1 hours drafting his reply. Motion at 26-27. I find this amount of time to be reasonable.

Furthermore, Petitioner has provided supporting documentation for all claimed costs, except for $26.36 paid for postage and $0.10 for 1 page of in-house copying costs. Motion at 28-29, 31-42. I will nevertheless allow reimbursement of these unsubstantiated costs. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). I award a total of **$40,109.47 (representing $39,367.50 in fees and $741.97 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Ronald Craig Homer.**

      In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

                                                    **s/Brian H. Corcoran**
                                                    Brian H. Corcoran
                                                    Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.